Ruth Cook, p. a.
vs.     No.62344
Union Electric Supply Co.
December 1, 1925

CARPENTER, J. On the 20th of March, 1924, Ruth Cook, aged 10 years, was struck by an automobile owned by the defendant and driven by its agent. She was struck while going home from school on the Cumberland Road, so-called, in the Town of Cumberland.

Suit was brought in this court by writ, dated December 15, 1924, to recover damages for injuries sustained by said Ruth Cook, and was tried before a jury in Woonsocket, on June 3, 4, 5 and 6, 1925. The jury returned a verdict for the plaintiff in the sum of $14,250. Defendant filed motion for a new trial, alleging the usual grounds, which was heard October 31, 1925.

The evidence as to how the affair took place was very contradictory, and presented a typical question for a jury to decide. The jury found by their verdict that the defendant was negligent and that the plaintiff was in the exercise of due care, and the court feels that they were entirely justified in their finding.

The injuries sustained were of a serious and permanent character. The testimony showed that Ruth Cook sustained a compound comminuted fracture of the tibia at the middle third, and a compound fracture of the fibula of the upper third of the left leg. Both bones were broken so that the end protruded through the skin. She was taken to the Woonsocket Hospital, where she remained until June 2, 1924. The leg remained in a plaster cast for a long time. She was again taken to the hospital and an operation was performed upon her leg in October, 1924. At this time she remained at the hospital some weeks. Ruth did not recover so that she was able to attend school until February, 1925, nearly a year after the accident happened. During the greater part of the year she was unable to move around, and when she was able, it was necessary for her to use crutches.

Of course, it is needless to say that she suffered great pain for a considerable length of time, and the evidence showed that she still suffered some pain. As a result of the injuries, her left leg is shorter than the right, and is smaller in circumference. There is a curvature of the spine to compensate the shortness of the leg. She walks lame, and testimony showed that she always will. There is a large scar on the left leg, and while she was in the hospital it was necessary

to remove some parts of both bones.

The defendant contends that the jury's verdict of $14,250 was excessive. The rules as laid down by the Supreme Court of this State governing such a question seem to be, briefly, that in order for a court to set aside a verdict of a jury on the ground that it is excessive, the court must feel that the jury was influenced by passion, partiality or prejudice in assessing the damage, or that the amount is so manifestly excessive and unreasonable as to warrant interference by the court.

The only aid the court has in solving the question, outside of his own judgment in the matter, is what other courts have done under comparatively similar circumstances. The court has examined numerous authorities, and finds that the amounts of verdicts sustained in comparatively similar cases cover a broad range of amounts. Some of the verdicts have been a trifle larger, and some considerably smaller.

In this particular case, the jurymen sitting upon the panel were men perhaps as intelligent as, if not more so than, the ordinary panel of jurymen. The jury heard all the evidence, saw where the accident took place, and saw the effects of the injuries on the body or on the person of the child, and after carefully deliberating the case (as they deliberated the case for several hours), these twelve men considered that the amount of $14,250 was a fair amount to be given to Ruth Cook because of her injuries and the suffering that she endured.

And this court can not say in all fairness that the verdict was influenced by passion, partiality or prejudice, or that the verdict was so manifestly excessive and unreasonable that it should be set aside.

Motion denied.

For Plaintiff: Greene, Kennedy & Greene.

For Defendant: Henshaw & Sweeney.